# SUMTER SUPERIOR COURT.

## May Term, 1842.

---

### John T. McCrary vs. Turner Coley.

*Bill for Discovery, Relief and Injunction.  Demurrer.*

1. A security is entitled to be relieved in Equity, against a creditor who has extended indulgence to his principal, after judgment, for a valuable consideration.

2. This, however, is to be taken with some qualification, for if the security has not been injured by the stipulation between the creditor and his principal, it seems he is not entitled to relief.

This bill was filed by the complainant, *John T. McCrary*, to enjoin the collection of a *fi. fa.* obtained by the defendant, *Turner Coley*, against this complainant, as security to one *Mark M. Brown*. The bill charges that on the            day of            18   , the complainant became security for the said *Mark M. Brown*, to *Coley*. That in 18   , the demand was sued and prosecuted to judgment, against the said *Brown*, as principal, and the complainant, as security.    That after obtaining judgment, *Coley*, for a valuable consideration, without the privity or assent of *McCrary*, the security, agreed to indulge, at two different times, *Brown*, for and during the years of 1838 and 1839—That *Brown* owned and was in possession of a considerable estate in negroes, and though this security repeatedly called upon *Coley*, and requested him to collect his *fi. fa.*, yet he refused to do so, and actually permitted *Brown* to leave the country, carrying off with him some 25 or 30 negroes subject to this *fi. fa.*, and more than sufficient to have thrice paid the same.    The complainant seeks to be discharged from further liability upon the *fi. fa.*, upon the grounds, that indulgence for a valuable consideration had been given to the principal, without his privity or assent— and that the indulgence will operate to the prejudice of the complainant, unless the said *fi. fa.* is enjoined from further proceeding.    To this bill the defendant demurred, for the want of equity.    That indul-

[McCrary vs. Coley.]

gence to the principal after judgment, did not release the security in equity.

That indulgence to the principal before judgment, without the privity or assent of the security, for a valuable consideration, has ever been held to be a good defence, to discharge the security either at Law or in Equity, is a principle so clearly established, that I shall content myself by only referring to a few of the many authorities in support of it.—1 *Story* Equity, 321. *Rees* vs. *Berrington,* 2 *Ves.* 540. *Boutbee* vs. *Stubbs,* 18 *Ves.* 20. *King* vs. *Baldwin,* 2 *Johns.* Ch. R. 554. 17 *Johns.* Rep. 384.

But that indulgence after judgment for a valuable consideration, without the assent of the security, should discharge the security, is a question upon which I find the authorities to be somewhat conflicting. " In *Bay* vs. *Tallmage,* 5 *Johns.* Ch. Rep. 305–315, it is as-" serted with much confidence, upon the authority in 1 *Tidd's* Prac-" tice 158, 1 *Sellon* 192, and the case *Lenox* vs. *Prout,* 4 *Cond.* " Sup. C. R. 313, 314, that after judgment, the security having " become fixed, the relation of principal and security ceases. It " becomes then too late to enquire into the antecedent relation be-" tween the parties." If I understand these authorities here relied upon, they do not go to the extent for it which it is contended by the respondent's counsel. I am far from supposing that these authorities assert the novel doctrine, that an equitable relationship subsisting between the parties, become merged and cease to exist after judgment, and that the creditor, upon that principle, can be permitted to make any kind of a contract or agreement with the principal, without consulting the security or respecting his rights or interest. If I am correct, these authorities establish nothing more than they should establish. That by the judgment the liability of the security being equally fixed with the principal debtor, it is then too late to go back and enquire into the antecedent relation between the parties, in order to let in and investigate such defences as would have been good upon the trial—That such defences as would be good in releasing the security, should be made and insisted upon before his liability is fixed by the judgment, and not as counsel contend, that after judgment the liability being fixed, and the antecedent relation merged as to all matters happening before the judgment, that nothing subsequently can arise that should operate to discharge the security.—

[McCrary vs. Coley.]

"In *Bay* vs. *Tallmage*, the Chancellor expressly remarks, that no
"new contract for a valuable consideration after the judgment
"having been proven, that that principle was not discussed, and the
"case went off upon other grounds."

Indeed, no principle is better established, than that after judgment, the liability itself being fixed, you cannot travel behind the judgment, to go into any defence that would have been good upon the trial, unless the party can bring himself within the rule for granting a new trial, or can show such reasons as will excuse him in Equity, in permitting the judgment at Law to be enjoined until a trial can be had, upon his application in Equity.

I cannot recognize the principle, that the creditor can be permitted to make any new contract for indulgence after judgment, for a valuable consideration, without the privity or assent of the security, and that too however so injurious to his rights and interest, and refuse him that relief to which he is entitled in equity and good conscience. Such a doctrine would lead to as much mischief as any that could be recognized by a Court of justice. "If after judg-
"ment the creditor makes any new contract for indulgence upon a
"valuable consideration, not to issue execution against the principal
"until after the expiration of the time stipulated for indulgence,
"and it is done without the assent of the security, the security will
"be discharged in Equity."—*Rathbone* vs. *Warren*, 10 *Johns*. Rep. 587. Cases might be supposed, where the doctrine contended for in this demurrer would operate most oppressively and unjustly: Suppose that A. should recover judgment against B., the principal, and agree to indulge him, say two years, for a valuable consideration, without the assent of the security, and C. the security, perceiving his principal to be in failing circumstances, should file his bill in Chancery, to compel the creditor to proceed to collect his money, which he has a right to do, or should pay off the judgment and take the control of it, "What would be the situation of the security? In the first place, the creditor could not proceed, for he is estopped by his agreement for indulgence based upon a valuable consideration! and in the second place, if he should pay off the judgment, he can only stand in the place of his creditor. "A security paying off the debt of his principal only becomes subrogated

[McCrary vs. Coley.]

to the rights of the creditor.—1 *Story's* Equity 323. *Hays* vs. *Ward*, 4 *Johns*. Ch. R. 123. *Hampton* vs. *Levy*, 1 *McCord's* R. 112.

The creditor having obligated himself not to proceed with his judgment for two years, the security paying off the debt and stepping into the shoes of the creditor, would be bound also by the same contract, a contract ruinous in its character, and destructive to his interest, made for him, and by which he is to be bound, without his concurrence or will. That our statute intends that the distinction for the benefit of the security should continue to exist after judgment, is clear to my mind, from the manner in which they are permitted to control the same by coming forward and paying up the principal, with interest and costs.—*Prince's* Dig. 461, 462. And whoever places it beyond the power of the security to indemnify himself by paying off the judgment and taking the control of it, by any new contract with the principal, does so at his peril, and the security must be relieved by resorting to a Court of Chancery.

In maintaining these positions, however, I would not be understood as running to the opposite extreme, that all contracts must operate of themselves to discharge the security—to assert such a doctrine seems to be equally objectionable as the principles that I have over-ruled. Each case must depend upon its own equity, a party coming into a Court of Equity, must ask for nothing but equity, and he must show that he is entitled to it.

" To discharge the security by an act of the creditor with the prin-" cipal, the surety must show, that the principal was solvent and able " to pay at the time of the contract, and lived within the jurisdiction "of the Court."—*Warner* vs. *Beardsly*, 194. 8 *Wend*. 194— 13 *Wend*. 377.

To discharge the security, the creditor must do some act injurious to the security, or omit to do some act, when required, which equity and his duty to the security, enjoined it upon him to do, and which omission was injurious to the security.—*Pain* vs. *Packard*, 13 *Johns*. 82, 174. *The Treasurer of* ——— vs. *Johnson, et alias*, 4 *McCord's* Rep. 458. 1 *Story's* Equity 320.

Then let us apply these principles to the case which is now before the Court, and determine if the complainant is entitled to relief. If

[McCrary vs. Coley.]

the principal debtor, *Brown*, had been insolvent, or if there were executions in existence, unsatisfied, of older date, more than sufficient to have consumed his effects, and left the *fi. fa.* of *Coley* unsatisfied, and that his effects had been applied justly to the payment of his creditors, I should hold that the contract not operating to the injury of the security, that the security should not be discharged. It is the injury which the party is supposed actually to sustain that makes his case, and for the relief of a Court of Equity, and unless he can show wherein, and how he has been injured, the security will not be relieved from his liability, which has become fixed by the judgment. But such is not the case at Bar. *Brown* was solvent, and able to pay, and resided within the jurisdiction of the Court, at the time of the contract, and though repeatedly requested and urged by the complainant to collect this debt, yet the defendant not only refused, but by his contract with the principal, placed it beyond the reach of the security to indemnify himself, had he seen proper to have paid off the *fi. fa.* By his contract too, the principal was enabled to carry off, and did carry off some 25 or 30 negroes, which were subject to, and should have been applied to the payment of this *fi. fa.* The conduct of *Coley* with the principal has therefore been to the injury of the complainant, and the demurrer must be over-ruled; and the defendant ordered to answer.

WILLIAM TAYLOR, J. S. C, S. W. C.

SULLIVAN & S. T. BAILEY, for comp't,
WARREN & SCARBOROUGH, for resp't.